```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| FRANCISCO COLON, JR.,<br><br>                                Plaintiff,<br><br>         -against-<br><br>ST. JOHN'S RIVERSIDE HOSPITAL,<br><br>                                Defendant. | 1:19-CV-5846 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. He asserts that his employer, St. John's Riverside Hospital ("SJRH"), located in Yonkers, New York, has discriminated against him because of his race and has retaliated against him. He seeks damages.[1] By order dated October 3, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.[2]

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See*

---

[1] After Plaintiff filed his complaint, he filed two letters. (ECF 4 & 8.) The Court construes those letters as supplements to Plaintiff's complaint.

[2] The Court notes that while this Court has not directed service on SJRH, and while the Clerk of Court has not issued a summons, counsel for SJRH has filed a notice of appearance. (ECF 5.)

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff makes the following allegations: Plaintiff is Hispanic and is employed as a counselor in SJRH's Resolve to Stop Violence Program (RSVP). He and other counselors work with prisoners who are held in the Westchester County Jail. His supervisors and coworkers bully and harass him. He is "required to conduct additional work, because the supervisor cosigns the [other] employees['] lack [of] employment ethics, not wanting to work at all, . . . not completing [their] work and stay[ing] in the office talking with the supervisor." (ECF 4, p. 3.) Plaintiff is "the only Hispanic in the unit." (*Id.*) There was at least one incident of workplace assault in the RSVP, but it seems to have occurred between two other employees. On at least one occasion, a supervisor or coworker called him a "bitch," a "faggot," and a "motherfucker." SJRH has retaliated against him.

Plaintiff has attached to his supplements copies of internal emails and complaints he has sent to SJRH officials concerning his workplace experiences. He has also attached, among other documents, (1) a copy of an excerpt of a verified complaint that he filed with the New York State Division of Human Rights ("NYSDHR") in October 2018, and (2) a copy of the NYSDHR's April 5, 2019 Determination and Order After Investigation in which the NYSDHR determined that there was no probable cause to believe that SJRH and the individual respondents engaged in unlawful discriminatory conduct. On April 23, 2019, the United States Equal Employment

2

Opportunity Commission (EEOC) issued a Dismissal and Notice of Rights in which the EEOC stated that it was unable to conclude that SJRH committed federal employment-law violations.

## DISCUSSION

### A. Pleading standard for Title VII and Section 1981 claims

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a short, plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* at 678. But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79. This plausibility standard applies to all civil actions, including discrimination actions. *See id.* at 684; *Littlejohn v. City of New York*, 795 F.3d 297, 310-12 (2d Cir. 2015).

#### 1. Title VII and § 1981 employment discrimination claims

To state an employment discrimination claim under Title VII or § 1981, "a plaintiff must plausibly allege that (1) the [defendants] took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."[3] *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015); *Williams*

---

[3] Title VII prohibits an employer from discriminating against its employee because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). The Second Circuit considers sexual-orientation discrimination to be a subset of Title VII sex discrimination. *Zarada v. Altitude Express, Inc.*, 883 F.3d 100, 112-19 (2d Cir. 2018) (en banc), *cert. granted*, 139 S.Ct. 1599 (2019). Such discrimination includes when "an employer . . . discriminates against employees based on assumptions about the gender to which the employees

3

*v. Classic Sec.*, No. 18-CV-1691, 2019 WL 4511953, at *4 (S.D.N.Y. Sept. 19, 2019) (using the *Vega* pleading standard for § 1981 employment discrimination claims). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F. 3d at 87.

Plaintiff asserts claims under Title VII and § 1981 that SJRH discriminated against him because of his race. But he does not allege sufficient facts, either in his complaint or in its supplements, to suggest that SJRH took any adverse employment action against him for which his race was a motivating factor.

In one of the complaint's supplements, Plaintiff alleges that he has been made to work more than his colleagues and that he is the only Hispanic among them. (ECF 4, p. 3) ("I am required to conduct additional work, because the supervisor cosigns the [other] employees['] lack [of] employment ethics, not wanting to work at all, . . . not completing [their] work and stay[ing] in the office talking with the supervisor. I am curious to know, can this be an issue because I am the only Hispanic in the unit."). Plaintiff's speculation that he may have been discriminated against because of his race is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("The [Rule 8] plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). And Plaintiff alleges no facts in any other part of his complaint or its supplements –

---

can or should be attracted." *Id.* at 123. But § 1981 only prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics." *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987).

including in his attached emails and internal complaints to SJRH officials – to suggest that SJRH took adverse employment action against him for which his race was a motivating factor.

Accordingly, Plaintiff's complaint and its supplements fail to state a plausible claim of employment discrimination under Title VII or § 1981. The Court therefore grants Plaintiff leave to file an amended complaint in which he alleges sufficient facts to state such a claim; he must allege facts suggesting that SJRH took adverse employment action against him and that his membership in one of Title VII's or § 1981's protected classes (for Title VII – race, color, religion, sex, or national origin; for § 1981 – race, ancestry, or ethnic characteristics) was a motivating factor for SJRH's adverse employment action(s) against him.[4]

### 2. Title VII and Section 1981 retaliation claims

To state a Title VII or § 1981 retaliation claim, a plaintiff must allege facts that suggest that "(1) [the] defendants discriminated – or took an adverse employment action – against him, (2) because he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (Title VII context) (internal quotation marks and citation omitted); *Taylor v. City of New York*, 207 F. Supp. 3d 293, 307 (S.D.N.Y. 2016) (applying same pleading standard for Title VII and § 1981 retaliation claims). To satisfy the second pleading requirement, a plaintiff must allege facts suggesting that "the adverse action would not have occurred in the absence of the retaliatory

---

[4] Plaintiff asserts that SJRH has discriminated against him because of his race. But some of his allegations – those asserting that at least in one instance, a supervisor or another employee called him a "faggot" and a "bitch" – suggest that he may be asserting additional or alternative Title VII claims of perceived sexual-orientation discrimination. *See Zarada*, 883 F. 3d at 123. Plaintiff must therefore clarify in his amended complaint whether he is asserting his Title VII discrimination claims because SJRH discriminated against him because of his race, his sex (which includes his perceived sexual orientation), or both. If he asserts Title VII claims of sex discrimination, he must include in his amended complaint sufficient facts to suggest that SJRH carried out an adverse employment action against him and that his sex (including his perceived sexual orientation) was a motivating factor for SJRH's action against him.

motive." *Vega*, 801 F.3d at 91 (internal quotation marks and citation omitted); *Spratt v. Verizon Commc'ns Inc.*, 633 F. App'x 72, 73 (2d Cir. 2016) (summary order) (in the § 1981 context, "[a] supervisor's retaliatory actions must be the 'but-for' cause of the employer's adverse employment action). This "may be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity." *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (Title VII context); *Williams*, 2019 WL 4511953, at *5 (adopting the *Duplan* standard for § 1981 retaliation claims).

Plaintiff asserts that SJRH retaliated against him. And his many emails and internal complaints to SJRH officials may suggest his participation in protective activity. *See Sumner v. USPS*, 899 F.2d 203, 209 (2d Cir. 1990); *Formilien v. Beau Dietl & Assocs., Inc.*, No. 10-CV-3077, 2012 WL 2359819, at *14 (S.D.N.Y. June 21, 2012). *But see Saliga v. Chemtura Corp.*, No. 12-CV-0832, 2015 WL 5822589, at *15 (D. Conn. Oct. 1, 2015) ("Complaints presenting general allegations of harassment unrelated to [a] protected class are not protected activity under Title VII[] [or] Section 1981."). But Plaintiff has alleged insufficient facts to suggest that he suffered an adverse employment action as a direct result of his participation in protected activity in opposition to unlawful employment practices. He must therefore include in his amended complaint those facts.

## LEAVE TO AMEND

The Court grants Plaintiff leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. The Court also directs Plaintiff to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* has violated his federally protected rights; *what* facts suggest that his federally protected rights have been violated; *when* such violations have occurred; *where* such violations have occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and note service on the docket.[5] The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-5846 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time, therefore, SJRH is not obligated to answer or otherwise respond. If Plaintiff fails to

---

[5] Plaintiff has consented to electronic service of Court documents. (ECF 3.)

7

comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 15, 2019
        New York, New York

                                        COLLEEN McMAHON
                                Chief United States District Judge